UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

XIAO LU CHEN,

      Plaintiff,

v.                                     Case No:   6:18-cv-1474-Orl-41TBS

SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY and U.S.
ATTORNEY GENERAL,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court will construe as a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow I **respectfully recommend** that the motion be **denied** and Plaintiff be given one final opportunity to amend her complaint.

### Discussion

      Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court, pursuant to 28 U.S.C. §1915(e)(2), should review the complaint to determine whether it should be dismissed. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief

against an immune defendant. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke§ v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

On September 10, 2018, Plaintiff filed a suit against Secretary of Department of Homeland Security, Kirstjen Nielsen, and United States Attorney General, Jeff Sessions for their failure to order the United States Custom and Immigration Services (USCIS) to

adjudicate the I-730 application filed on behalf of her husband (Doc. 1). She initially based her claim on 8 U.S.C. § 1447(b); 8 U.S.C. § 1421; 8 U.S.C. § 1427; and 8 C.F.R. §§ 103.1(g)(2)(ii), 316.2, but instead of discussing the statutes or reciting the essential elements of her claims of relief, she simply listed them in her complaint (Doc. 1-2). For this reason, I carried the *in forma pauperis* motion and afforded Plaintiff an opportunity to amend her complaint (Doc. 5). Plaintiff has filed an amended complaint in which she grounds her allegations in the Immigration and Nationality Act of 1952, 8 U.S.C. §§ §§ 1101 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.,* and the mandamus statute, 28 U.S.C. § 1361[1] (Doc. 9, ¶ 2).

In Count One, Plaintiff argues that section 706(a) of the APA permits this Court to compel agency action (the adjudication of Plaintiff's Refugee Asylee Relative Petitions – Form I-730) that has been "unlawfully or unreasonably withheld or delayed" (Id., ¶ 15). Plaintiff has not alleged any additional facts in support of her claim. Generally, a section 706(a) claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Yan Chen v. Nielsen, No. 17-CV-7157

---

[1] "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Counts v. Comm'r. Soc. Sec., No. 6:09-cv-2157-ORL-22KRS, 2010 WL 5174498, at *10 (M.D. Fla. Dec. 15, 2010). "To obtain mandamus relief, Plaintiff must show that (1) he has a clear right to the relief requested; (2) the SSA has a clear duty to act; and (3) there are no other adequate remedies available." Giammarinaro v. Astrue, Case No. 8:12-cv-2167-T-AJ, 2013 WL 12157304, at *3 (M.D. Fla. Feb. 5, 2013) (citing Cash v. Barnhart, 327 F. 3d 1252, 1257 (11th Cir. 2003)). "A writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Counts, 2010 WL 5174498, at *10 (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). Plaintiff's averments do not support a finding that Defendants owed her "a clear duty to act" such that the Court must compel them to perform. Thus, Plaintiff has not sufficiently averred that she is entitled to relief under the Mandamus Act.

(BMC), 2018 WL 1221130, at *1-2 (E.D.N.Y. Mar. 8, 2018) (quoting Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004)); Ready Transp., Inc. v. AAR Mfg., Inc., No. 2:06CV-1053GEB-KJM, 2007 WL 2389989, at *2 (E.D. Cal. Aug. 20, 2007). Courts must also examine a plaintiff's claim against the TRAC factors to determine whether agency action was in fact reasonable. Id. (citing Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (the "TRAC factors" are "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable ... in the enabling statute ... [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) ... the effect of expediting delayed action on agency activities of a higher or competing priority; (5) ... the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."). Plaintiff has not alleged facts showing that the delay has been reasonable, or that there exists some impropriety on the part of Defendants. Consequently, her allegations are insufficient to sustain a cause of action for violations of the APA.

In Count Two, Plaintiff alleges that Defendants' failure to adjudicate the petition violates the Due Process clause of the Constitution[2] (Doc. 9, ¶¶ 17-18). Plaintiff's constitutional claim lacks the specificity required. She has not specified whether her constitutional challenge is substantive or procedural. She also has not sufficiently alleged facts showing that a constitutionally protected property or liberty interest is at stake. Cf.

---

[2] Plaintiff argues that Defendants' conduct violates her Fifth Amendment protections, however, it appears that her argument is based on the due process clause as applied to state officials through the Fourteenth Amendment.

Amador v. Town of Palm Beach, No. 12-14567, 2013 WL 1748939, at *3 (11th Cir. April 23, 2013) (The Court recognized that the plaintiff must show that a "constitutionally protected property or liberty interest" was at stake to sustain his procedural due process claim.); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003); First Assembly of God of Naples, Fla., Inc. v. Collier Cnty., Fla., 20 F.3d 419, 423 (11th Cir. 1994); Wright v. Chattahoochee Valley Cmty. Coll., No. 3:06-cv-1087-WKW, 2008 WL 4877948, at *4 (M.D. Ala. Nov. 12, 2008) ("To prevail on a substantive due process claim, a plaintiff must prove ... the existence of a protected property or liberty interest."). Plaintiff has not alleged that Defendants' actions or the consequences of those actions are recognized by law as a protected property or liberty interest. Consequently, Plaintiff's allegations are inadequate.

In Count Three, Plaintiff simply re-alleges the claims stated in the proceeding paragraphs (Doc. 9 ¶ 19). Thus, Count Three is clearly inadequate and fails to state any claim for relief.

## Recommendation

For these reasons I **respectfully recommend** that the motion to proceed *in forma pauperis* be **denied** and that Plaintiff be given one final opportunity to amend her complaint.

Again, I implore Plaintiff to consult and consider engaging counsel. There are attorneys throughout Central Florida who specialize in immigration law. They could help Plaintiff prepare and present her case. If Plaintiff does not engage counsel, she will be obliged to comply with the rules of this Court, and the Federal Rules of Civil Procedure. The failure to comply could result in the denial of the relief she seeks.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plainitff